ILLINOIS CENTRAL RAILROAD CO. v. R. C. KERR ET AL.

1. CARRIERS OF FREIGHT.   *Railroads.*   *Liability for loss on connecting line.*
   A railroad company, receiving freight for shipment beyond its own line, is not liable for losses occurring on an independent connecting line over which it has no control, unless its contract is to convey the goods to the point of destination.

2. SAME.   *Contract of shipment.*   *Guaranty of through freight by shipper.*   *Evidence.*
   Although in such case the exaction by the receiving carrier of a guaranty by the shipper of the payment of through freight is an important circumstance to show a contract to convey to the point of destination, it is not conclusive evidence thereof.

FROM the circuit court of the first district of Hinds county.
HON. J. B. CHRISMAN, Judge.

Appellees brought this suit to recover of the Illinois Central Railroad Company the value of three shipments of vegetables delivered at Jackson, Miss., to said railroad company, consigned to Pittsburgh, Pa.   Two lots thus shipped reached their destination in a totally worthless condition about twelve days after their receipt by appellant.   The third lot was never received by the consignees.

Appellees had been accustomed to ship vegetables over defendant's road to Chicago, Ill., but desired to change and ship to Pittsburgh.   Whereupon one of the appellees applied to the shipping clerk of the appellant company at Jackson to know how long a time was required to transport the goods from that place to Pittsburgh, and the clerk, after taking time for investigation, replied that it required about forty-eight hours to take them to Chicago and about the same time to Pittsburgh.   Thereupon the vegetables then ready for shipment, and afterwards the other two lots, were delivered, consigned to Pittsburgh.

No bills of lading were issued, but in lieu thereof receipts known as dray tickets were given by the defendant company, showing in each instance the articles received, their weight, the consignor and the consignee, and destination.   Defendant's line does not extend to Pittsburgh, but shipments from Jackson to that city are delivered

at Effingham, Ill., to the line of a connecting company, known as the Vandalia Line. There was no direct proof of any partnership existing between this company and the defendant company. On the contrary, the general freight agent denied in his testimony the existence of any such relation. However, the defendant made a through rate of freight, and the appellees were required, as a condition of the receipt of the goods to guarantee payment of the through freight to the point of destination.

The defendant's evidence tended to show that it required three or four days to transport freight from Jackson to Effingham, and that the shipments in question were received within a reasonable time at that place and delivered in good condition to the connecting line.

On the trial plaintiffs asked the following instructions:—

1. If the jury believe from the evidence that the Illinois Railroad Co. received the freight to be transported through to Pittsburgh, Pa., and made a through rate of freight therefor and required the payment of the same to be guaranteed by the plaintiffs, then this is a through contract of affreightment, and if they further find that their goods were lost on the route or were destroyed by any delay of transportation *en route*, then they will find for the plaintiffs.

2. If they find for the plaintiffs, the measure of the damages is such a reasonable value of the freight lost or spoiled at the place of destination as may be proven, less the freight thereon to the place of destination.

These were refused by the court, and the following given in lieu of both:—

1. If the jury believe from the evidence that the plaintiffs in this case applied to the shipping clerk of the Illinois Central Railroad, who was at the time acting for, and in the office of, the agent of defendant's freight department, for information as to the practicability of shipping and the time required for transporting his perishable freight to Pittsburgh, in the State of Pennsylvania, and was informed that it required about the same length of time to transport said goods to Pittsburgh that it required to transport them to Chicago, and that upon this statement he contracted with defend-

ant's agent to ship said goods, in which contract he was required to guarantee payment of the freight over the intervening lines to the point of destination as a condition of their shipment, and that said goods were delayed on the route for twelve days, and perished because of such delay or were lost, then the defendant is liable for their value and the jury may so find.

The court refused to give the following instructions asked by the defendant :—

2. The court instructs the jury for the defendant, that if they believe from the evidence that the goods sued for in this action were received by the Illinois Central Railroad to be forwarded to Pittsburgh, Pennsylvania, and that Pittsburgh was not on the line of the Illinois Central Railroad, but on a connecting line over which the Illinois Central Railroad had no control, and that the goods were delivered to said connecting line in good condition, then the defendant is not liable, and the jury will so find, unless they believe from the evidence that there was a contract between the defendant company and Kerr, the shipper, that the defendant road would transport the goods to the point of destination.

3. The court instructs the jury for the defendant, that if they believe from the evidence that the goods sued for were transported by the Illinois Central Railroad to Effingham, Illinois, and there delivered to the Vandalia Line, and that the Vandalia Line was the usual and proper way by which freight is shipped from Jackson to Pittsburgh, then they will find for the defendant, unless they believe from the evidence that the Illinois Central Railroad Company undertook the responsibility of delivering the goods at Pittsburgh, Pa.

The granting of the instruction for the plaintiffs, and the refusal of those asked by defendant present the question passed upon by the court in the opinion.

The plaintiffs had judgment, and, after motion for new trial overruled, defendant appealed.

*W. P. & J. B Harris*, for appellant.

There is no conflict in the evidence, and the rule of law applicable is well settled in this state. It is what is known as the

American rule, *i. e.*, in the absence of contract to carry goods through to point of destination, the receiving company will be liable for loss occurring on its own line and not for loss on connecting lines. Its responsibility ends when it shows that it delivered the freight in good order to the connecting carrier. *Crawford* v. *Southern Railroad Association*, 51 Miss. 222.

The prepayment of freight did not change the relation of the parties. It is a mere circumstance like any other proven in the case tending to show a contract for through transportation, but is not conclusive. Why the prepayment and guaranty of freight was required in this case is fully explained by the fact that the goods were perishable, and further, the defendant could not, as agent for the shipper, get a connecting line to receive the perishable stuff without such guaranty.

*E. E. Baldwin*, for appellees.

The principles laid down in *Crawford* v. *Southern Railroad Association*, 51 Miss. 222, do not govern this case. In that case the bill of lading specially contracted only to carry to the end of the contracting carrier's route, and there to forward by the most direct route, and in the opinion through contracts of affreightment are especially excepted. It is well settled that the receiving carrier may contract for the entire transportation, and, if it does so, it is responsible for any loss on the route. Whether it is a through contract or not, and especially in this case, is a matter for the jury to determine. See 18 Am. & Eng. R. R. Cases, 565.

A contract to carry through to place of destination may be inferred from naming the destination in the bill of lading—or in this case the dray ticket—where not rebutted by other circumstances or stipulations in the bill of lading, and from receipt of the entire freight, unless there be a special stipulation limiting the liability. 2 Am. & Eng. Enc. of Law, 868; 42 Vt. 566; 52 Ill. 123; 5 Burr. 55; 19 Wood, 534; 1 Woods, 612.

The second instruction asked by appellant was properly refused. In its first part it treats the contract as a forwarding one, and in the latter part as a through contract. It could not be both,

68 MISS.—2

for a *through forwarding* contract cannot in the nature of things exist.

Substantial justice has been done, and the judgment should be affirmed.

WOODS, C. J., delivered the opinion of the court.

The refusal of the charges asked by the defendant below, and the charge given, in the terms employed, amounted virtually to a peremptory instruction to the jury to find for the plaintiffs.

The second and third charges asked by the defendant appear to us to correctly state what is known as the American rule on the liability of carriers of freight to points beyond their own lines, and this rule has long been adopted and acted upon in this state.

The charge given for the plaintiff was, we think, erroneous in so far as it declared the required guaranty of the payment of through freight at the hands of the shipper was a conclusive circumstance. It appears to us, as it must to all others, a pregnant circumstance, but not a conclusive one, in our opinion.

We reverse the case in order that it may again be submitted to a jury in accordance with these views.

*Reversed and remanded.*